UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE TORRES,

    Petitioner,

vs.                                                                          CASE NO. 8:11-CV-448-T-27MAP
                                                                       CRIM. CASE NO. 8:08-CR-200-T-27MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) and the Government's Response (CV Dkt. 9). Upon consideration, Petitioner's motion to vacate is DENIED.

**Procedural Background**

On August 14, 2008, Petitioner pleaded guilty pursuant to a written plea agreement to Count Two of a superseding indictment which charged Petitioner with possession with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).[1] (CR Dkts. 59, 68). On November 17, 2008, Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1 to two hundred sixteen (216) months imprisonment to be followed by six years of supervised release. (CR Dkt. 94). Petitioner did not appeal.

Petitioner signed his Section 2255 motion on March 1, 2011. (CR Dkt. 102; CV Dkt. 1). The Respondent challenges the motion's timeliness.

---

[1] The court granted the Government's motion to dismiss Counts One, Four, Five and Seven. (CR Dkts. 92, 94).

Petitioner presents five grounds for relief:

**Ground One:**   Actual innocence of the career offender enhancement in light of *Begay v. United States*, 553 U.S. 137 (2008), *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), and *United States v. Shannon*, 631 F.3d 1187 (11th Cir. 2011);

**Ground Two:**   Petitioner's sentence was imposed "in excess of the district court's jurisdiction" in light of *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010);

**Ground Three:**   Petitioner's sentence violates his Fifth Amendment right to due process in light of *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010);

**Ground Four:**   Petitioner's sentence violates his Eighth Amendment protection against cruel and unusual punishment in light of *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010); and

**Ground Five:**   Petitioner's sentence is fundamentally defective and a manifest injustice in light of *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010)

### Discussion

### I. TIMELINESS

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for Section 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

> applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

Petitioner pleaded guilty and judgment was entered on November 17, 2008. (CR Dkt. 95). Petitioner filed no direct appeal. Consequently, under the appellate rules in effect when the judgment was entered, Petitioner's conviction became final on December 3, 2008, when the ten-day period for filing a notice of appeal expired. Fed. R. Crim. P. 45(a)(1); Fed. R. App. P. 4(b)(1)(A)(I) (West 2008). Petitioner had until December 3, 2009, to timely file a Section 2255 motion. Petitioner did not file his Section 2255 motion until March 3, 2011, over one year after the expiration of Section 2255's one-year limitation. Consequently, the motion is time-barred.

Notwithstanding, to the extent that the motion and its supplements, liberally construed, assert that the motion is timely because it was filed within one year of the decision in *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), Petitioner cannot obtain relief. In *Johnson*, the United States Supreme Court held that, under Florida law, a felony battery conviction is not a "violent felony" under the Armed Career Criminal Act. Petitioner contends that, pursuant to *Johnson*, his prior convictions for both burglary of an unoccupied dwelling and trafficking in cocaine used in determining his status as a career offender would not now qualify as either a "crime of violence" or a "controlled substance offense" and, therefore, he does not qualify as a career offender.

For Petitioner to avail himself of the date of the *Johnson* decision to establish the timeless of his motion under Section 2255(f)(3), he must demonstrate that *Johnson* applies retroactively.

*Johnson* includes no statement from the Supreme Court that the decision applies retroactively to cases on collateral review. No binding Eleventh Circuit decision requires retroactive application of *Johnson* to Petitioner's Section 2255 motion and he cites no legal authority to support his contention that *Johnson's* date is the appropriate trigger for the federal limitation in determining the timeliness of this Section 2255 motion. Consequently, the timeliness of Petitioner's motion is calculated from December 3, 2008, the date that his conviction became final. As discussed above, the instant motion, filed on March 3, 2011, is untimely and federal review is precluded absent a demonstration of equitable tolling.

Equitable tolling requires both extraordinary circumstances and due diligence. *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). To establish eligibility for equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

A change in the law is not an extraordinary circumstance. *Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Outler v. United States*, 485 F.3d 1273, 1281 (11th Cir. 2007). Consequently, Petitioner cannot avail himself of the benefit of equitable tolling because he fails to demonstrate an extraordinary circumstance that prevented him from timely filing his Section 2255 motion.

II. **ACTUAL INNOCENCE**

4

To the extent that Petitioner asserts that he is actually innocent of the career offender enhancement, he cannot obtain relief. Generally, actual innocence may serve to overcome the procedural bar caused by the untimely filing of a Section 2255 motion. *United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005). However, "actual innocence" does not apply to a career offender designation because that designation is not a separate substantive offense for which Petitioner stands convicted. *See Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011) ("A defendant who is convicted and then has the § 4B1.1 career offender enhancement . . . applied in the calculation of his sentence has not been convicted of being guilty of the enhancement.") ("*Gilbert II*"). *See also Bido v. United States*, 2011 WL 2899606 at *2 (11th Cir. July 20, 2011) (applying *Gilbert II* and rejecting the petitioner's claim that he was actually innocent of the career offender enhancement). Accordingly, Petitioner cannot satisfy the actual innocence exception to lift the procedural bar caused by his failure to timely file his motion to vacate.

### III. APPEAL WAIVER

Even assuming that Petitioner's motion is timely, the appeal waiver in his written plea agreement precludes relief. The waiver states that Petitioner relinquished his right to appeal or collaterally attack his sentence:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the

sentence as authorized by 18 U.S.C. § 3742(a).

(CR Dkt. 59, p. 13).

An appeal waiver in a plea agreement is enforceable if the waiver is made knowingly and voluntarily. *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). An appeal waiver will be enforced if the Government demonstrates either: (1) that the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) that the record clearly shows that the defendant otherwise understood the full significance of the waiver. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). A knowing and voluntary waiver precludes a defendant from collaterally attacking his conviction in a Section 2255 motion. *Williams v. United States*, 396 F.3d at 1342.

During the plea colloquy Petitioner specifically averred that he understood the consequences of the appeal waiver, including the provision barring a collateral attack:

> THE COURT: [Y]our plea agreement[] has a waiver of appeal provision. . . . And Mr. Torres, for you it's at page 12, paragraph five. . . . [W]hat [this] paragraph[] say[s] is that . . . you [are] waiving your right to appeal your sentence to the Court of Appeals, with the exception of the following three grounds: The ground that the sentence exceeds your applicable guideline range as determined by the Court; the ground that the sentence exceeds the statutory maximum penalty; the ground that the sentence violates the Eighth Amendment to the Constitution, a provision that prohibits cruel and unusual punishment; or if the government appeals, then you can appeal.
>
> [You are] also waiving your right to challenge your sentence in this court, the trial court, the district court. You can only challenge your sentence for the same grounds that are listed in this paragraph and [sic] that I've just mentioned.

>                           Do you understand that you're limiting your right to take an appeal . . . ?
>
>                       . . . .
>
> MR. TORRES:           Yes, I understand.
>
> THE COURT:            And do you also understand that you are waiving your right to complain about your lawyer's performance at the sentencing proceedings, Mr. Torres?
>
> MR. TORRES:           I understand.
>
>                       . . . .
>
> THE COURT:            Are . . . you satisfied with your plea agreement? Mr. Torres?
>
> MR. TORRES:           Yes, sir.

(CR Dkt. 106, pp. 26-28).

Upon completion of the full colloquy, the magistrate judge found that Petitioner freely and voluntarily entered his plea. (CR Dkt. 106, p. 35). Petitioner neither challenges the validity of his plea agreement or the waiver, nor argues that any of the exceptions specified in the waiver apply to permit collateral review of his claim. Consequently, grounds one through five are barred from federal review in this Section 2255 motion.

**Evidentiary hearing**

This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA**

## PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. The clerk is directed to enter judgment against Petitioner and to close this case.

**DONE AND ORDERED** in chambers this 26th day of September, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record